Mr. Justice Thompson
 

 delivered.the opinion of theCourt.—
 

 These cases come up from the Circuit ■ Court of the United States for the southern district of New-York, upon writs of error. The question' in the Court helqw, turned upon the construction of the will of Medcef Eden .the elder, bearing date the 29th August 1798,.by which the testator devised.to his son-. Joseph, .certain portions .of his estate, among which were the premises in question in this cause: .‘‘To him, his heirs, execu- • torá, and ádministrators for ever.” In. like manner he devised to his son Medcef, his'heirs and-assigns, certain .other portions of his property, and adds the following clause. “Item. It is my will and ' Í do order and appoint, that if either of my said sons should depart this life without lawful issue, his share or part shall go to the survivor. And in case of both'their deaths without lawful issue, then I give ail the property aforesaid to ■ my brother John Eden of Loiters, in Cleveland in Yorkshire; and my sister Hannah Johnson of. Whitby, in Yorkshire, and their heirs.”
 

 
 *571
 
 The case of Jackson
 
 vs
 
 . Chew, (12
 
 Wheat.
 
 153,) decided at the last term, brought under the consideration of this Court the construction of this same clause in the will, and the records in the present cases have been-submitted to‘the Court without argument, to see whether the decision in that case,- will govern the.cases now before us.- T.he facts disclosed in the case of' Jackson v
 
 s.
 
 Chew, did not require of the Court to decide any other question,, than, whether Joseph Eden'took under the will an estate. tail, which by operation of the statute-pf New-York, abolishing entails, would be converted-into a fee simple absolute. The Court decided that he did not take an estate tail, hut an estate in fee, defeasible in the event of his dying without issue in-the lifetime of his. brother, (which event happened,) and thereupon his interest in the land became extinct, and . the limitation oyer to his brother Medcef. was 'good- as an executory devise.
 

 In the- cases now before the Court, it appears, .that Medcef Eden has died without issue, having by his last will and testament devised his estate to his widow, .and certain other de-visees therein'named; whiclvhas given rise to two other questions ; viz. whether John Eden and' the heirs of Hannah Johnson' (she being dead) took ány estate in the premises, under-this clause in the will, on the death of Medcef Eden, without issue?
 

 And whether- the -possession taken" and held under the sheriff’s sale, by virtue of, the judgments and executions, against Joseph Eden, was such an adverse holding, as to prevent the operation'of the will of Medcef Eden the younger.
 

 In deciding the cáse of Jackson
 
 vs.
 
 Chew, we did not enter into an examination of the construction of this clause in the will, considered-as an open question; but adopted the construe, tion, which appears to be well settled in the two highest Courts of Law in the state of New-York,- not only upon this very-clause,, but .in numerous other .analogous cases; and has thereby become a fixed'rule-of landed property in that state.
 

 And this was in conformity with what has bpen the uniform course, of- this-Court, with respect tó the titles to-real proper-ty, to apply the same tule that we find applied by the state tribunals in like cases.
 

 The additional quéstions presented in the cases now before us, have likewise undergone a very full examination in that state, and been decided both by the Supreme Court, and the Court for the correction of Errors. In the case of Wilkes
 
 vs.
 
 Lion, (2
 
 Cowan,
 
 333,) the decision turned upon these very points, and the Court of Errors affirming the decision of the Supreme Court, held with only one dissenting voice, that nothing passed under the ulterior devise over to John Eden and Hannah Johnson, but that Medcef E’den' had become seised of an estate in' fee
 
 *572
 
 simple absolute. No opinion appears to-have been directly ex-, pressed by the Court, with respect to the effects of the adverse possession upon the operation of the devise in the. will of Medcef Eden the yodnger.
 

 But this was a question necessarily involved in the result. And the decisions of the Courts in that state are very satisfactory to show, that such an adverse possession will not there, prevent the operation of a devise.
 

 The doctrine in the case of Doe vs. Thompson, (5
 
 Cowan,
 
 374) warrants this conclusion. And it is understood that this precise question, arising on the construction of the statute of wills in that state, .has recently been decided in the Supreme Court, in a case, the report of which is not to be found here.
 

 We are accordingly of-opinion; that, the judgments of the Circuit Court in these cases must be affirmed.